```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

ELAINE THOMAS,

        Plaintiff,

v.                             Case No: 8:10-cv-1444-T-33EAJ

SMITH, DEAN & ASSOCIATES, INC.,
ANGIE SMITH, and MAUREEN BISHOP,

        Defendants.
_____/

**ORDER**

This matter is before the Court sua sponte. On October 19, 2011, pursuant to the provisions of 11 U.S.C. §§ 362 & 1301(a), this Court entered an Order staying and administratively closing this case as to Defendant Smith, Dean & Associates, Inc. due to Smith, Dean & Associates's filing for protection under the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, Case No. 3:11-bk-07453. (Doc. # 31). Based on Plaintiff Elaine Thomas's election to stay the case as to the other two defendants who are not subject to the automatic bankruptcy stay (Doc. # 32), the Court stayed and administratively closed the case in its entirety on November 14, 2011 (Doc. # 34).

The Court's October 19, 2011, Order provided that "Plaintiff may reinstate this case to active status . . . upon

proper motion when the bankruptcy court lifts the stay, the stay lapses or the bankruptcy proceedings are otherwise concluded, should this suit not be resolved by those proceedings. If this suit is resolved by the bankruptcy proceedings, Plaintiff shall promptly move for dismissal of this case." (Doc. # 31 at 2).

A review of the bankruptcy docket reveals that the bankruptcy case was closed on January 18, 2013 (Bankr. Doc. # 75); however, Plaintiff has failed to promptly request the Court to either re-open or dismiss this case as instructed by the Court's October 19, 2011, Order.[1] Nevertheless, in light of the conclusion of the bankruptcy proceedings, the Court finds it appropriate to lift the stay and re-open this case. Plaintiff is instructed to advise the Court in writing on or before **March 1, 2013,** as to the status of this case, including whether she intends to proceed with this case against any or

---

[1] The Court notes that Smith, Dean & Associates failed to comply with the Court's June 7, 2012, Order which directed it "to file a status report of its bankruptcy case within 14 days and every 90 days thereafter." (Doc. # 35). Such failure to comply with the Court's Order was presumably due to the fact that Smith, Dean & Associates's counsel had previously withdrawn and had not been replaced, as discussed further below. In any event, the Court acknowledges that based on Smith, Dean & Associates's failure to file any status reports, Plaintiff may not in fact be aware that the bankruptcy case has been closed.

all of the Defendants and/or whether this case has been resolved in whole or in part by the bankruptcy proceedings or otherwise.

Furthermore, on November 3, 2011, the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, entered an order (Doc. # 33) granting Daniel W. Anderson and Tracy Martinell Henry's motion to withdraw as counsel for Smith, Dean & Associates. (Doc. # 29). To date, Smith, Dean & Associates has not filed a notice of appearance of new counsel.

However, pursuant to Middle District of Florida Local Rule 2.03(e), "A corporation may appear and be heard only through counsel admitted to practice in the Court." Further, a long line of cases maintains that corporations may not appear *pro se* in this Court. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); Textron Fin. Corp. v. RV Having Fun Yet, Inc., No. 3:09-cv-2-J-34TEM, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010) ("A corporation's financial constraints do not excuse the requirement that it have legal representation in Court proceedings."); United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008) ("*Pro se* litigation is a burden on

the judiciary, and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits.") (internal citations omitted).

Notwithstanding the cases cited above, the Court acknowledges that the parties are, of course, always free to resolve their dispute without legal representation through alternative means outside the Court's province. However, if Smith, Dean & Associates intends to continue to litigate in this Court, it must have legal representation. In the interests of fairness, the Court will allow Smith, Dean & Associates until and including **March 7, 2013**, to retain and file a notice of appearance of new counsel. However, if a notice of appearance of counsel is not filed on behalf of Smith, Dean & Associates on or before March 7, 2013, and the claims against Smith, Dean & Associates have not been otherwise resolved, the Court will entertain an appropriate motion to strike Smith, Dean & Associates's responsive pleadings. Thereafter, Smith, Dean & Associates will be poised for the entry of default against it.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The stay of this case is hereby lifted and the Clerk is

      directed to re-open the case and return it to active status.

(2)  Plaintiff is directed to advise the Court in writing as to the status of this case on or before **March 1, 2013,** including whether Plaintiff intends to proceed with this case against any or all of the Defendants and/or whether this case has been resolved in whole or in part by the bankruptcy proceedings or otherwise.

(3)  Defendant Smith, Dean & Associates, Inc. has until and including **March 7, 2013,** to retain and file a notice of appearance of new counsel. Absent a notice of appearance of counsel filed on behalf of Smith, Dean & Associates by March 7, 2013, this Court will entertain an appropriate motion to strike Smith, Dean & Associates's pleadings. Thereafter, Smith, Dean & Associates will be poised for the entry of default against it.

      **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>21st</u> day of February, 2013.

                                    VIRGINIA M. HERNANDEZ COVINGTON
                                    UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record